**GRIMM VRANJES & GREER LLP**
A. CARL YAECKEL, ESQ. (SBN 89920)
550 West C Street, Suite 1100
San Diego, CA 92101-3532
Tel: (619) 231-8802
Fax: (619) 233-6039
E-mail: cyaeckel@gvgllp.com

Attorneys for Plaintiff
NORTH AMERICAN CAPACITY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH AMERICAN CAPACITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ILLINOIS UNION INSURANCE COMPANY, and DOES 1 through 40, inclusive,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR RECOVERY OF JUDGMENT FROM INSURER BY JUDGMENT CREDITOR (CALIFORNIA INSURANCE CODE § 11580) AND FOR BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**(DEMAND FOR JURY TRIAL)** |

COMES NOW Plaintiff NORTH AMERICAN CAPACITY INSURANCE COMPANY and alleges as follows:

## JURISDICTION

1. Plaintiff is a corporation incorporated under the laws of the State of New Hampshire having its principal place of business in the State of New Hampshire and was at all times herein duly qualified to do business, and was doing business, in the State of California, County of Sacramento, as a Surplus Line insurance company.

/ / /

/ / /

/ / /

/ / /

/ / /

2. Defendant ILLINOIS UNION INSURANCE COMPANY ("Illinois Union") is a corporation, incorporated under the laws of the State of Illinois, with its principal place of business in the State of Illinois, and was at all times herein mentioned duly qualified to do business and was doing business in the State of California, County of Sacramento, as a Surplus Line insurance carrier.

3. NAC is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 40, inclusive, whether individual, corporate, associate, or otherwise, and therefore sue Defendants by fictitious names. NAC will amend this Complaint to allege their true names and capacities when ascertained. Based upon information and belief, Plaintiff alleges that DOES 1 through 40, inclusive, are entities and/or persons qualified to do business and doing business in the State of California, County of Sacramento, and are domiciled and have their principal place of business outside the State of New Hampshire.

4. This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states, and because the matter in controversy exceeds the sum of $75,000, exclusive of interest and cost.

## VENUE

5. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff is informed and believes that this is the district where a substantial part of the events upon which the claims are based occurred. Plaintiff is also informed and believe that Defendants herein are subject to personal jurisdiction in this district at the time the action is commenced and there is no other district in which this action may be brought.

6. NAC and informed and believes, and upon such information and belief alleges, that all times relevant hereto each Defendant was the agent, servant and employee of each of the remaining Defendants and was acting in the course and scope of said agency, service and employment.

## THE INSURANCE POLICIES

7. NAC issued its General Liability Policy No. BXG0003835-00, to Reynen & Bardis Development, LLC, effective February 1, 2003 to February 1, 2004.

8. Defendant Illinois Union issued its General Liability policy of insurance to Sommerkal Construction, Inc., Policy No. 0GL065229, effective July 1, 2001 to July 1, 2002.

## THE UNDERLYING ACTION

9. Plaintiffs Bradley and Ximena Pearson ("Pearson") filed a civil action for damages against Reynen & Bardis on or about December 18, 2006, County of Sacramento, Case No. 06AS05388 (hereinafter "Pearson Action"). The Pearson claims concerned defects in the construction of the concrete post-tension and slab foundation of their home located at 15421 Murrieta South Parkway, Rancho Murrieta, California.

10. Reynen & Bardis filed a Cross-Complaint against Sommerkal Construction, Inc. ("Sommerkal"), the concrete subcontractor who had installed the post-tension slab. Reynen & Bardis had entered into a written subcontract with Sommerkal for the work.

11. Reynen & Bardis tendered its defense and indemnification pursuant to the subcontract to Sommerkal. Sommerkal failed to respond to the tender.

12. Sommerkal tendered its defense and indemnity in the Pearson Action to Illinois Union pursuant to the above-referenced policy. Illinois Union denied the tender, alleging that the home closed escrow after expiration of the Illinois Union policy.

13. Counsel for Sommerkal provided proof to Illinois Union that the home had been completed prior to expiration of the Illinois Union policy.

14. The Pearson Complaint alleged that resulting damage had occurred in the Pearson home, due in part to moisture intrusion through the negligently constructed slab, prior to the close of escrow date, and prior to the execution of the sales contract for the home in February 2002.

15. This information was readily available to Illinois Union at all times herein. Counsel for Sommerkal also alerted Illinois Union to the fact that expert opinions developed in the Pearson Action were that resulting damage had begun to occur while the Illinois Union policy was still in effect.

16. All of the above information was communicated to Illinois Union. Illinois Union failed to respond in any way to this new information.

17. Pearson and Reynen & Bardis reached an agreement to settle all of Plaintiff's claims against Reynen & Bardis. The settlement amount was $600,000, of which NAC paid $322,277.00. The settlement was found to be in good faith on or about December 11, 2009.

18. Reynen & Bardis and Sommerkal then entered into a settlement to resolve Reynen & Bardis Cross-Complaint against Sommerkal.

19. Pursuant to the settlement, Sommerkal stipulated to entry of judgment against it and in favor of Reynen & Bardis' insurers, including NAC.

20. Sommerkal assigned its rights to the insurers, including NAC, against any and all of Sommerkal's liability insurers, including Illinois Union.

21. On or about July 20, 2010, Judgment was entered in favor of NAC and against Sommerkal in the total amount of $471,313.47.

## FIRST CAUSE OF ACTION

## (INSURANCE CODE SECTION 11580)

22. Plaintiff NAC realleges and incorporates by reference herein each allegation contained in Paragraphs 1 through 21 above.

23. Under the terms of the Illinois Union policy, Illinois Union was obligated to pay the damages award to NAC and against Sommerkal in the Pearson Action as the relief awarded in the Judgment entered in the Pearson Action against Sommerkal is covered in its entirety under the terms and conditions of the Illinois Union policy.

24. The policy provides, or is deemed by operation of California Insurance Code Section 11580 to provide, that "whenever judgment is secured against the insured . . . in an action based upon bodily injury, death, or property damage, then an action may be brought against the insurer on the policy and subject to its terms and limitations, by such judgment creditor to recover on the judgment."

25. When the Judgment became final, NAC, as a Judgment Creditor, became a third-party beneficiary of the Illinois Union policy by virtue of the operation of the policy, and of California Insurance Code Section 11580.

/ / /

26. As a third-party beneficiary under the Illinois Union policy, NAC is entitled to immediate payment from Illinois Union of the entire amount of the Judgment awarded to NAC in the Pearson Action.

27. To date, Illinois Union has breached its contractual duty under the Illinois Union policy to satisfy the Judgment, which NAC is informed and believes, and thereupon alleges, is within the remaining limits available under the Illinois Union policy, and Illinois Union has refused to pay any portion of said Judgment.

28. As a consequence of Illinois Union's refusal to satisfy the Judgment, NAC has been damaged in the amount of $471,313.47, plus interest thereon, plus attorney's fees in an amount according to proof.

## SECOND CAUSE OF ACTION

### (BREACH OF CONTRACT)

29. Plaintiff NAC realleges and incorporates by reference herein each allegation contained in Paragraphs 1 through 28 above.

30. Illinois Union unreasonably failed to defend Sommerkal in the Pearson Action, which asserted claims covered by the Illinois Union policy.

31. Illinois Union unreasonably failed to indemnify Sommerkal in the Pearson Action.

32. Illinois Union unreasonably failed to settle the Pearson Action as to its insured Sommerkal.

33. In doing so, Illinois Union breached its contract of insurance, that is, the Illinois Union policy referenced herein.

34. Sommerkal had properly and promptly performed all of its obligations under the aforesaid Illinois Union policy.

35. Illinois Union's unreasonable breach of contract has damaged Sommerkal in an amount to be proved, including but not limited to, the amount of the Judgment in the Pearson Action, the fees and costs of Sommerkal in defending the Pearson Action, and the fees and costs incurred in the present action by Sommerkal's Assignee, NAC.

36.  As Assignee of Sommerkal, NAC is entitled to recovery of the aforesaid damages from Illinois Union.

### THIRD CAUSE OF ACTION

### (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)

37.  Plaintiff NAC realleges and incorporates by reference herein each allegation contained in Paragraphs 1 through 36 above.

38.  Illinois Union unreasonably failed to defend Sommerkal in the Pearson Action.

39.  Illinois Union unreasonably failed to indemnify Sommerkal in the Pearson Action.

40.  Illinois Union unreasonably failed to settle the Pearson Action as to its insured Sommerkal.

41.  In doing so, Illinois Union breached the covenant of good faith and fair dealing arising out of the Illinois Union policy.

42.  Sommerkal had properly and promptly performed all of its obligations under the aforesaid Illinois Union policy.

43.  Illinois Union's unreasonable breach of the covenant has damaged Sommerkal in an amount to be proved, including but not limited to, the amount of the Judgment in the Pearson Action, the fees and costs of Sommerkal in defending the Pearson Action, and the fees and costs incurred in the present action by Sommerkal's Assignee, NAC.

44.  As Assignee of Sommerkal, NAC is entitled to recovery of the aforesaid damages from Illinois Union.

WHEREFORE, NAC prays for Judgment as hereinafter set forth:

1.  For the sum of $471,313.47, together with interest thereon at the legal rate from and after July 20, 2010, until paid;

2.  For attorney's fees and costs of Sommerkal in the Pearson Action, according to proof, with interest thereon at the legal rate from the date paid, until paid;

/ / /

/ / /

3. For attorney's fees and costs of suit herein, according to proof at trial;

4. For such other and further relief as the Court may deem just and proper.

Dated: 5/22/12              GRIMM, VRANJES & GREER LLP

By: _____
A. Carl Yaeckel
Attorneys for Plaintiff
NORTH AMERICAN CAPACITY
INSURANCE COMPANY

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a Jury Trial as provided by Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: 5/22/12              GRIMM, VRANJES & GREER LLP

By: _____
A. Carl Yaeckel
Attorneys for Plaintiff
NORTH AMERICAN CAPACITY
INSURANCE COMPANY

Complaint of NAC (01125436).DOCX